IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *ET AL.*                                                            PLAINTIFFS

VERSUS                                                                          CIVIL ACTION NO. 1:07cv94WJG-JMR

ASHBRITT, INC., and FEDERAL
INSURANCE COMPANY                                                          DEFENDANTS

<u>O R D E R</u>

THIS CAUSE comes before the Court on the motion [74] of the Plaintiff, the United States of America [United States], to strike the defense of release. Also pending before the Court is the motion [98] of Defendants AshBritt, Inc. [AshBritt] and Federal Insurance Company [FIC] to transfer the claims of R.M. Shows Construction [Shows] and the putative third subclass to the District Court of the Southern District of Florida [98].

Following Hurricane Katrina, the United States Army Corps of Engineers [Corps] entered into a contract with AshBritt, to collect and dispose of hurricane debris in south Mississippi. The contract required AshBritt to furnish a payment bond to guarantee payment to first and second tier subcontractors [subs] for work performed. (Ct. R., Doc. 69, p. 2.) AshBritt subcontracted most of the work to 800 subs located in south Mississippi. (*Id*.) Upon invoice for work performed, Ashbritt paid 90% of the invoices and retained 10% to be paid when AshBritt received final funding from the Corps. (*Id*.)

Plaintiff contends that the bond provided that first and second tier subs could sue on the bond if these entities were not paid in full within 90 days from the last day that work was performed. (*Id.*, p. 3.) The bond required that suit be filed within a year. (*Id.*)

AshBritt argues that the contract provided that a 10% retainage would be kept until AshBritt received final funding from the Corps. (Ct. R., Doc. 123, p. 9.) Several of the subs, including Shows, signed a release of liability and were paid the retainage. Plaintiff contends that because no additional consideration was paid for the release, the release is invalid. (Ct. R., Doc. 74, p. 1.) Plaintiff further contends that a determination should be made whether a release is a contract which requires consideration to be enforceable. (*Id.*, p. 4.) Plaintiff argues that the total failure of consideration for a release justifies its rescission. (*Id.*, p. 5.) The affirmative defense of release should be stricken, according to Plaintiff. (*Id.*, p. 6.)

AshBritt asserts that while it has yet to receive final funding or release from the Corps, it nonetheless agreed to forego that defense and pay retainage in exchange for the release. (Ct. R., Doc. 123, p. 9.) The releases were signed by the members of the putative third subclass to receive the benefit of immediate payment without delay of litigation, according to AshBritt. (*Id.*) AshBritt contends that the releases should be enforced and that any claims against AshBritt and FIC asserted by putative class members that signed the releases should be dismissed. (*Id.*)

AshBritt argues that the claims of the putative members of the third subclass with disputes concerning the release in this matter, if any, should be transferred to the District Court of the Southern District of Florida. (*Id.*, p. 11.) The subcontract contained a provision which indicates that Florida law "shall govern any dispute arising under the subcontract." (Ct. R., Doc.

99, Exh. A.)  AshBritt asserts that the release provides that jurisdiction and venue of any dispute concerning the release or breach of the release shall lie in Broward County, Florida.  (*Id.*, p. 4.)  In light of this provision, AshBritt contends that Shows' claims should be transferred to the District Court of the Southern District of Florida in Broward County, Florida.  (*Id.*, p. 11.)

Also related to this issue is Plaintiff's motion to strike the defense of release.  (Ct. R., Doc. 74.)  Plaintiff contends that because the release is not supported by consideration, thus rendering it invalid, the release is not a viable defense.  (*Id.*, p. 1.)  Plaintiff asserts that soon after this law suit was filed in February 2007, AshBritt began soliciting payment of the 10% retainage in exchange for a release from the subs.  (*Id.*, p. 2.)  Shows is a named plaintiff in the third amended complaint, and is due an addition $63,000 in unpaid invoices in addition to retainage in the amount of $87,067.87, according to Plaintiff.  (*Id.*, p. 3; Ct. R., Doc. 69.)  Shows has not filed a response or argument regarding the transfer.

According to AshBritt, the motion to strike is premature because no response to the third amended complaint was filed.  (Ct. R., Doc. 79, p. 1.)  AshBritt's response involved a motion to enforce the choice of law provision contained in the release.  (*Id.*)

## Discussion

Forum selection claims are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  The enforcement of a forum selection clause is determined by whether "the inclusion of that clause in the contract was the product of fraud or coercion.  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.4 (1970).

Plaintiff contends that the forum selection clause in the release at issue does not match the forum selection clause in the subcontract.  (Ct. R., Doc. 115, p. 4.)  Plaintiff argues this creates an issue requiring a determination of which forum selection clause is.  (*Id.*)  The release did not exist at the time the instant suit was filed.  (*Id.*)

Although Plaintiff argues that the forum selection clause is invalid and that the proposed class action lawsuit would resolve the dispute about the validity of the release with regard to about 650 putative class members, the fact remains that no motion to certify a class has been presented to the Court in spite of the fact that this lawsuit has been pending for ten months, and in spite of the settlement reached with AshBritt by the putative class representative.  There is no evidence before the Court that any of the subcontractors who signed the release are seeking to rescind that contract with AshBritt, other than the self-serving assertion by the former putative class representative that Shows seeks to challenge the release.

Under these circumstances and in light of the fact that no motion to certify a class action has been filed in this case; that Shows has not submitted an objection to the transfer; and because nearly a year has passed without significant progress being made in the case, the Court finds that the forum selection clause within the release should be enforced, and that the claims regarding the validity of the release should be determined by the District Court of the Southern District of Florida in Broward County, Florida selected forum.  The Court further finds the motion to strike the defense of release should be denied, as that claim was only raised following the third amendment to the complaint in this case.  It is, therefore,

ORDERED AND ADJUDGED that the motion [74]to strike the defense of release be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the motion [98] to transfer the claims of Shows and the putative third subclass to the District Court of the Southern District of Florida be, and is hereby, granted. The Clerk of Court is directed transfer this record in accordance with the usual procedures of this Court to the District Court of the Southern District of Florida, after the expiration of ten days of the entry date of this judgment, or by no earlier than January 30, 2009. It is further,

ORDERED AND ADJUDGED that any party attempting to circumvent the procedures of this Court shall be sanctioned. It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 14th day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE