# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20458-CIV-TORRES

UNITED STATES OF AMERICA, for
the use and benefit of Oreo Debris, Inc.
and all others similarly situated,

       Plaintiffs,

v.

ASHBRITT, INC. and FEDERAL
INSURANCE COMPANY,

       Defendants,
_____/

## ORDER ON PENDING MOTIONS TO DISMISS

This matter is before the Court on two pending motions to dismiss in the case relating to the Amended Complaint's allegations with respect to punitive damages. Federal Insurance Co. moved to dismiss [D.E. 190] the punitive damage allegations on September 30, 2009, and Ashbritt, Inc. moved to dismiss [D.E. 191] the punitive damage claim raised against it on the same date. Upon review of the motions, responses, Ashbritt's reply, and the record in the case, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    Federal Insurance Co.'s Motion to Dismiss all punitive damage allegations pled against it in the Amended Complaint [D.E. 190] is **GRANTED** as unopposed. Any punitive damage allegations against Federal in the amended complaint are stricken.

  2. Ashbritt's Motion to Dismiss all punitive damage allegations pled aginst it in the Amended Complaint [D.E. 191] is also **GRANTED** notwithstanding Plaintiff's objection.

  Plaintiff argues that a punitive damage claim is viable under Florida law on a willful and wanton breach of contract claim, citing an older 1957 Florida case, *Griffith v. Shamrock Village, Inc.,* 94 So. 2d 854 (Fla. 1957). Well-established intervening caselaw in Florida, however, compels a contrary conclusion. To the extent Florida ever recognized such a cause of action as a matter of contract law, it no longer survives Florida's current economic loss rule that squarely prohibits parties in contractual privity to obtain tort remedies for purely economic damages. Plaintiff would have to plead an explicit tort claim, such as fraudulent inducement or tortious interference, in order to maintain a viable punitive damage claim at trial. *See Indemnity Ins. Co. of North America v. American Aviation, Inc.,* 891 So. 2d 532, 537 (Fla. 2004) ("prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic damages in tort"); *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So. 2d 74, 77 (Fla. 3rd DCA 1997) ("[W]here the only alleged misrepresentation concerns the heart of the parties' agreement, simply [labeling the claim as a tort claim] will not suffice to subvert the sound policy rationales underlying the economic loss doctrine.").

  The allegations in the amended complaint do not purport to raise a fraud in the inducement claim, for instance, which would require heightened pleading under Rule

8. Instead the amended complaint labels the breach of contract alleged as a willful breach, thereby requiring punitive damages. But such an allegation amounts to a tortious fraud in the performance claim, which Florida now expressly prohibits. The test to determine whether a fraud claim is a well-established independent tort like fraudulent inducement, and not a claim that violates the economic loss rule, "is to ask if the fraud alleged is in an act of performance or in a term of the bargain." *Ramos v. Hoyle,* 2008 WL 5381821, at *2 (S.D. Fla. Dec. 19, 2008). "When the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'" *Id.* (quoting *Allen v. Stephan Co.,* 784 So. 2d 456, 457 (Fla. 4th DCA 2000)).

In this case the wrongful conduct alleged that gives rise to a punitive damages claim is precisely a "willful" breach of contract. In other words, the amended complaint is alleging that the failure to perform in this case was so egregious and intentional that punitive damages (i.e., a tort recovery) is warranted. But the modern economic loss rule exists to deny such a claim as a matter of Florida law beyond the contractual remedy available to the injured party. Therefore, because the amended complaint can be read as only stating a breach of contract claim, and at best a fraud in the performance tort claim, the economic loss rule would prevent the Court from awarding any tort or punitive damages to Plaintiff even if a breach is proven to have occurred.

Accordingly, both the Federal Insurance and the Ashbritt motions to dismiss must be granted to the extent that they strike any punitive damages claim from the amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of January, 2010.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge